

**SO ORDERED.**

**SIGNED this 05 day of March, 2012.**

Stephani W. Humrickhouse
_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

**BELLSOUTH TELECOMMUNICATIONS, LLC**
**d/b/a AT&T NORTH CAROLINA**

    **Plaintiff**

    **v.**

**HALO WIRELESS, INC.**

    **Defendant.**

**MISCELLANEOUS PROCEEDING**
**NO. 11-00004-8-SWH**

### ORDER ALLOWING MOTION TO REMAND

The matter before this Court is the motion filed by BellSouth Telecommunications, LLC

d/b/a/ AT&T North Carolina ("AT&T") to strike Halo Wireless, Inc.'s ("Halo") Notice of Removal,

or in the alternative, to remand Case No. P-55, SUB 1841, which was removed from the North

Carolina Utilities Commission on October 07, 2011.  A hearing was held on January 9, 2012, in

Raleigh, North Carolina.  After due consideration of the matter, and review of all the supplemental

filings, the court will remand the matter to the North Carolina Utilities Commission.

### BACKGROUND

Halo, a Texas corporation, is a provider of wireless telecommunications services. Halo

entered into interconnection agreements (together referred to as the "ICA") with AT&T for the

transmission of Halo's wireless data over AT&T networks. A dispute arose between AT&T and Halo wherein AT&T claimed that Halo breached the ICA by sending unauthorized wireline-based traffic disguised as wireless-based traffic over the network in order to avoid access charges and therefore failed to pay for services rendered (the "ICA Dispute"). On June 15, 2011, Halo filed a complaint in the United States District Court for the Eastern District of Texas, Sherman Division (the "Texas District Court"), Civil Action No. 4:11-CV-00359, Halo Wireless Services, Inc. v. The Livingston Telephone Company, et al., seeking to enjoin carriers, including AT&T companies, from having disputes similar to the ICA Dispute determined in any forum other than the Federal Communications Commission ("FCC"). On July 25, 2011, AT&T North Carolina brought an action against Halo before the North Carolina Utilites Commission ("NCUC") for breach of the ICA seeking monetary damages and injunctive relief (the "NCUC Proceeding"). On August 8, 2011, Halo filed a chapter 11 petition in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division (the "Texas Bankruptcy Case"), Case No. 11-42464, and the NCUC Proceeding was stayed as a result of the bankruptcy filing. On August 25, 2011, AT&T filed a motion for relief from the automatic stay in the Texas Bankruptcy Case seeking, *inter alia*, a determination that the stay was not applicable to ongoing regulatory actions, including the NCUC Proceeding, pursuant to 11 U.S.C. § 362(b)(4). On September 1, 2011, Halo initiated an adversary proceeding against multiple defendants, including AT&T North Carolina, in the Texas Bankruptcy Case, which contained allegations similar to positions asserted by Halo in the NCUC Proceeding. On October 7, 2011, Halo filed a Notice of Removal of the NCUC Proceeding to this court pursuant to 28 U.S.C.§ 1452(a). On October 26, 2011, the automatic stay was modified in the Texas Bankruptcy Case to allow the various state commissions to continue with their respective regulatory

2

proceedings; however, certain matters, including the liquidation of the amount of any claims against Halo, were reserved for adjudication by the bankruptcy court. Halo appealed the bankruptcy court ruling on October 28, 2011and requested a stay pending appeal, which was denied on November 1, 2011. A similar motion was filed on November 18, 2011 in the Texas District Court, which was denied. On December 8, 2011, Halo filed a motion for a stay pending appeal, for leave to appeal under 28 U.S.C. § 158(d), and a petition for writ of mandamus in the Fifth Circuit Court of Appeals. On February 2, 2012, the Fifth Circuit denied Halo's request for a stay pending the appeal and the petition for writ of mandamus, but granted Halo's motion for leave to appeal under 28 U.S.C. § 158(d). Oral arguments are set for the week of April 30, 2012.

On November 8, 2011, AT&T filed a motion to strike Halo's Notice of Removal or in the alternative, to remand the matter to the NCUC. In support of its motion, AT&T makes two alternative arguments: 1) removal is improper under 28 U.S.C. §§ 1334 and 1452(a), or 2) if removal is proper, the proceeding should be remanded to the NCUC pursuant to 28 U.S.C. § 1452(b). AT&T contends that removal was improper because a claim or cause of action may only be removed to a court for the district where the action is pending if such court has jurisdiction over the subject matter of the cause of action and this court does not have such jurisdiction.[1] Furthermore, AT&T argues that removal is improper because only a cause of action in a *civil action* may be removed and the NCUC Proceeding is a regulatory proceeding that implicates a governmental unit's regulatory powers, rather than civil actions between private parties. Even if jurisdiction is proper, AT&T asks the court to use its equitable powers pursuant to 28 U.S.C. § 1452(b) to remand the matter to the

---

[1] AT&T contends that the NCUC Proceeding is "at best" a non-core "related to" proceeding.

NCUC. AT&T argues, under notions of cooperative federalism inherent in the Telecommunications Act of 1996 (the "Act"), Pub. L. No. 104-404, 110 Stat. 56, that ICA disputes must first be addressed by state commissions because construction and enforcement of ICAs are within their sole and original jurisdiction. AT&T notes that under section XX of the ICA, the parties also agreed to resolve disputes relating to the interpretation or implementation of the agreement with the NCUC. Finally, AT&T advises the court that every other bankruptcy court faced with a Halo removal from a state utilities commission proceeding has remanded the matter.

Halo maintains that the removal was proper. It argues that the matter is a civil action between private parties. Furthermore, since AT&T is asserting a claim against Halo in its bankruptcy case, seeks monetary damages and injunctive relief, and challenges Halo's right to operate its business as a debtor-in-possession, this court has "related to" jurisdiction over the civil action pursuant to 28 U.S.C. § 1334(b). Halo further contends that remand to the NCUC is inappropriate because the NCUC does not have jurisdiction over the dispute. Specifically, Halo argues that AT&T's complaint raises broad questions of licensing which are best suited for the FCC, rather than a mere contract dispute. Halo therefore argues that remand would result in the NCUC impermissibly deciding issues that can only be decided by the FCC. Moreover, should Halo prevail in their appeal of the relief from stay order issued in the Texas Bankruptcy Case which allowed the continuation of the state utilities commission proceedings, remand would result in judicial inefficiency and a burdensome waste of resources for the parties. Finally, Halo argues that this matter should not be remanded because equity favors retention so there can be a uniform determination of the ICA dispute.

<u>DISCUSSION</u>

I.   <u>Propriety of the Removal</u>

The removal of claims related to bankruptcy cases is governed by 29 U.S.C. § 1452(a) which provides in pertinent part as follows:

> [a] party may remove any claim or cause of action in a civil action other than . . . a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).  The court finds that the NCUC Proceeding is a civil action under § 1452(a) because it is a dispute between private parties in which the plaintiff AT&T seeks monetary damages and injunctive relief against Halo.  See <u>BellSouth Telecomms., LLC, v. Halo Wireless, Inc.</u>, No.4:11cv470-RH/WCS, at 5-6 (N.D. Fla. Dec. 9, 2011).  The bankruptcy court has jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11.[2]  28 U.S.C. § 1334(b).  Because it involves a third party seeking damages from the debtor, the NCUC Proceeding sounds in claim determination and thus is at least "related to" Halo's bankruptcy case.  A civil proceeding is "related to" a chapter 11 case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." <u>Valley Historic Ltd. Partnership v. Bank of New York,</u> 486 F. 3d 831,835-36 (4th Cir. 2007) ((citing <u>Owens-Ill., Inc. v. Rapid Am. Corp. (In re Celotex Corp.</u>), 124 F.3d 619, 625 (4th Cir.1997)).

Accordingly, the court concludes that removal was proper.

_____

[2] See General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.

II.    <u>Remand</u>

Pursuant to § 1452(b), the court to which such a claim or cause of action is removed may remand on any equitable ground.  28 U.S.C. § 1452(b).  A seven-factor test has been used by courts in the Fourth Circuit as a framework for analysis of remand motions.  The factors include: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of applicable state law; (4) comity; (5) the degree of relatedness or remoteness to the proceeding in the main bankruptcy case; (6) the existence of a right to a jury trial; and (7) prejudice to the involuntarily removed defendants.  <u>In re Merry-Go-Round Enterprises</u>, 222 B.R. 254, 257 (D. Md. 1998).

Although some of these factors are immaterial in the present case as they do not weigh in favor of either party, the factors that are relevant all point toward remand.  First, the extent to which issues of utility law (the state law equivalent) predominate is great.  At issue in the NCUC Proceeding is the very nature of the traffic that Halo transmitted over AT&T networks which AT&T claims has led to a breach of the ICA. The Telecommunications Act and regulations relating to the Act are central to a resolution of the dispute. Therefore, this factor weighs heavily in favor of remand.  Second, the NCUC Proceeding does relate to the main bankruptcy case in that there is a question as to exactly what the debtor Halo owes, if anything, to the creditor AT&T.  But, again, that issue cannot be determined before the regulatory matter is resolved.  The Honorable Brenda T. Rhoades, in the Texas Bankruptcy Case, granted AT&T relief from the automatic stay to pursue the state commission proceedings, but even though the order limited the state commission proceedings to regulatory matters and specifically reserved the liquidation of the amount of any claim against Halo for the bankruptcy court, the order does not preclude AT&T from seeking further relief to

6

obtain a determination of the amounts owed once the state commissions decide the regulatory matters. This factor, therefore, also weighs heavily in favor of remand.  Third, although bankruptcy courts often determine state law issues, including contract law, the matters before the NCUC are not within the conventional experience of the bankruptcy judge. Hence, this factor weighs in favor of remand.

Finally, there has been no evidence introduced that a remand of the NCCU Proceeding will effect the *efficient* administration of the bankruptcy estate.  Halo's original intention was to remove the NCUC Proceeding and then transfer it along with all the other similar regulatory proceedings pending in other jurisdictions to the Texas Bankruptcy Court to consolidate the disputes and prevent inconsistent rulings in the various state utilities commissions. However, that plan has been foiled by the consistent remands by the other courts back to the various state utilities commissions.

On balance, all of the aforementioned factors combined weigh heavily in favor of remand.

<u>CONCLUSION</u>

Although, this court has jurisdiction to hear and determine the matters in this proceeding and removal was proper, this court deems the NCUC  the more appropriate forum and will remand to the NCUC on equitable grounds pursuant to 28 U.S.C. § 1452(b).  The motion to remand is **ALLOWED**.

**SO ORDERED.**

**END OF DOCUMENT**